**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

FINNAVATIONS LLC,

      Plaintiff,

v.

ODOO, INC.,

      Defendant.

Civil Action No. 1:17-cv-01595-RGA

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND A PROTECTIVE ORDER**

STAMOULIS & WEINBLATT LLC

Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

Attorneys for Plaintiff
Finnavations LLC

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT......................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT....................................................................................................................... 2

    **I.**    DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT......... 2

    **II.**   A DECISION ON DAMAGES SHOULD BE DEFERRED AND AN
        APPROPRIATE PROTECTIVE ORDER ENTERED TO FACILITATE DAMAGES
        DISCOVERY ................................................................................................. 3

CONCLUSION................................................................................................................... 4

## TABLE OF AUTHORITIES

**Cases**

*Broadcast Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd.,* 555 F.Supp.2d 537
  (E.D.Pa.2008) ............................................................................................................... 3

*Chamberlain v. Giampapa,* 210 F.3d 154 (3d Cir. 2000)................................................. 3

*Fitbit, Inc. v. AliphCom et al*, 151-cv-00775-RGA; 15-cv-00990-RGA ......................... 4

*Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161 (D. Del. 2010)........ 2, 3

*U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984)................................. 3

**Rules**

Federal Rule of Civil Procedure 26 ................................................................................ 1

Federal Rule of Civil Procedure 55(a) ........................................................................... 2

Pursuant to Federal Rules of Civil Procedure 26 and 55, Plaintiff Finnavations LLC

("Plaintiff") respectfully submits its Brief in support of its Motion for Entry of Default Judgment

against Defendant Odoo, Inc. ("Defendant") and a Protective Order.  Plaintiff's Proposed Default

Judgment is attached hereto as Exhibit A and Proposed Protective Order is attached hereto as

Exhibit B.

## PRELIMINARY STATEMENT

Entry of a default judgment is warranted because, in the absence of a default judgment,

Plaintiff would be prejudiced by Defendant's continued infringement, Defendant has no apparent

intention to enter an appearance, and Defendant's delay is due to culpable conduct -- choosing to

avoid participation in this litigation despite knowledge of it.  Plaintiff respectfully requests that

the Court defer a decision on damages, and, accordingly, entry of final judgment, to allow

Plaintiff additional time to conduct damages-related discovery.  Plaintiff intends to subpoena

third parties that distribute Defendant's infringing products in an effort to uncover sufficient

evidence to obtain damages with respect to at least some sales of the infringing products.  In

connection with that discovery, Plaintiff also requests that the Court enter a protective order that

will facilitate the production of documents by third parties.

## STATEMENT OF FACTS

On August 11, 2017, Plaintiff filed suit against Defendant, alleging that certain

"interactive communication devices" sold by Defendant infringed claims of U.S. Patent No. 9,

569,755 (the "'755 Patent").  (D.I. 1.)

On November 8, 2017, Plaintiff served the Complaint on Defendant.  (D.I. 5.)  The

Complaint alleges that Plaintiff owns the Asserted Patent (D.I. 1 ¶ 10), that the Asserted Patent is

valid and enforceable (D.I. 1 ¶ 12), and that Defendant has at least Claims 9, 10, 14, and 17 of

the '755 Patent by making, using, importing, selling, and/or offering for sale a financial

management system, including the Odoo accounting web application and system, the Odoo

mobile apps, and any similar products and/or services.  (D.I. 1 ¶¶ 13.)

Defendant was initially due to respond to the complaint on November 29, 2017.  (D.I. 5.)

Defendant failed to comply with that deadline. Defendant has never filed an answer to the

Complaint.

The Court entered default against Defendant under Federal Rule of Civil Procedure 55(a)

on January 29, 2018.  (D.I. 11.)

**ARGUMENT**

**I.     DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT**

Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment

against a party when default has been entered by the Clerk of the Court under Federal Rule of

Civil Procedure 55(a).  "[W]hether to enter default judgment is a matter within the discretion of

the trial court." *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc*., 270 F.R.D. 161, 164

(D. Del. 2010).  "Three factors control whether a default judgment should be granted: (1)

prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable

defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v.

Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).  Here, all factors weigh in favor of entering default.

***First***, Plaintiff will be prejudiced if default judgment is not entered.  Defendant's decision

to refuse to participate in this litigation has left Plaintiff without a mechanism to enforce its

patent rights.  In such circumstances, Courts in this District have found that denying entry of a

default judgment would prejudice a patent holder.  *See, e.g.*, *Tristrata*, 270 F.R.D. at 164 (finding

that plaintiff would be prejudiced in the absence of a default judgment where it could not enforce

its patent rights or recover damages against defendant that had submitted no substantive response

to the complaint).

*Second*, Defendant does not have a litigable defense.  For there to be a litigable defense, the defendant not only must respond to the complaint but also must allege sufficient facts which, "if established at trial, would constitute a complete defense to the action." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  Defendant failed to respond to the Complaint. Thus, there is nothing in the record that suggests the existence of a viable, much less meritorious, defense.  *See Broadcast Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd.,* 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008) (entering default judgment where there was "nothing in the record to suggest that Defendants have a litigable defense as to liability").

*Third*, Defendant's delay here is due to culpable conduct.  "Culpable conduct" refers to actions that are "taken willfully or in bad faith." *Chamberlain,* 210 F.3d at 164 (citing *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir. 1983)).  Defendant was properly served with Plaintiff's complaint for patent infringement but chose not to participate in the litigation. Courts routinely hold failure to participate in litigation, despite knowledge of it, to be "willful and culpable" conduct.  *See, e.g.*, *Innovative Off. Products, Inc. v. Amazon.com, Inc.*, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012) (holding defendant's failure to participate in litigation "willful and culpable," where it had received a cease and desist letter and a copy of plaintiff's patent infringement complaint).

Consequently, Plaintiff respectfully requests that the Court enter default judgment against Defendant, but, as discussed below, defer decision on damages.

## II.   A DECISION ON DAMAGES SHOULD BE DEFERRED AND AN APPROPRIATE PROTECTIVE ORDER ENTERED TO FACILITATE DAMAGES DISCOVERY

Because factual allegations relating to damages in a complaint are not taken as true in the event of default, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), and Defendant has not participated in the case and thereby has avoided any discovery, Plaintiff has limited

3

evidence to prove damages at this time.  Consequently, Plaintiff requests that the Court defer any

decision on damages, as well as entry of final judgment, to a later date to allow Plaintiff

additional time to collective evidence regarding Defendant's sales of the Accused Products and

an appropriate royalty rate for the Asserted Patent.  *See, e.g.*, *Tristrata*, 270 F.R.D. at 165

(entering default judgment, but deferring decision on the amount of damages).

In addition, Plaintiff may serve subpoenas on third parties to discovery damages-related

information. Such information is likely to be considered confidential.  Accordingly, Plaintiff

respectfully requests that the Court enter the Protective Order attached hereto as Exhibit B.  This

Protective Order allows third parties to designate information as "HIGHLY CONFIDENTIAL"

and limits Plaintiff's ability to disclose the information.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a Default

Judgment in the form attached hereto as Exhibit A and a Protective Order in the form attached

hereto as Exhibit B.

Dated: April 4, 2018

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
Finnavations LLC

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2018, I electronically served the forgoing document on all counsel of record in this action.

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606